**RADCLIFF FINANCE CORPORATION,**
Appellant,

v.

**H. A. BECKMAN et al., Appellees.**

No. 15766.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 21, 1956.

H. A. Crawford and John Benn, Houston, for appellant.

Seymour Lieberman, Houston, for appellees.

RENFRO, Justice.

The Radcliff Finance Corporation brought suit against City Motor Sales, Inc., and

H. A. Beckman, praying for foreclosure of a chattel mortgage on an automobile against City Motor Sales, Inc., and judgment for $950 against Beckman for conversion of said automobile.

The trial court awarded a money judgment against City Motor Sales, Inc., but declared Radcliff Finance Corporation's lien on the automobile to be invalid and awarded title to said automobile to Beckman. Radcliff Finance Corporation has appealed.

On May 15, 1953 the Chrysler Corporation of Indiana transferred to Oscar Koehn, a licensed franchise dealer in Weimar, Texas, a certain 1953 Plymouth automobile by manufacturer's certificate. On the 26th of May, 1953, Koehn transferred, by endorsement on the manufacturer's certificate, the automobile to City Motor Sales, Inc., of Rosenberg, Texas, a licensed dealer to sell motor vehicles. On May 26, 1953, City Motor Sales, Inc., sold the automobile to H. A. Beckman for a good and valuable consideration. At the time of such sale to Beckman the automobile appeared to be new, was represented to him as new, and had paper license plates. Beckman, at the time of purchase, requested a Texas certificate of title and was informed said certificate would be mailed to him. He thereupon executed an application for a certificate of title and took possession of the automobile.

Up to and at the time of sale, the automobile had not been registered or licensed by anyone.

On May 29, 1953, City Motor Sales, Inc., delivered the manufacturer's certificate to appellant, Radcliff Finance Corporation, borrowed $1,725, and at that time executed an application for a Texas certificate of title in its name, showing lien to Radcliff Finance Corporation. A Texas title certificate was issued on July 9, 1953, to City Motor Sales, Inc., and the next day a second Texas title certificate was issued to H. A. Beckman, based upon a Mississippi Road and Bridge tax receipt obtained by City Motor Sales, Inc.

The manufacturer's certificate did not note any lien in favor of appellant at the time of the sale to Beckman and the chattel mortgage was not executed in favor of appellant by City Motor Sales, Inc., until three days after Beckman purchased the automobile.

The trial court concluded that under the facts the validity of the sale to Beckman was not dependent upon the immediate assignment or transfer of a certificate of title; that Beckman was a bona fide purchaser for value without notice; and that no registration of title was necessary for the sale by the Chrysler Corporation to Oscar Koehn and by the latter to City Motor Sales, Inc.

We believe the trial court's judgment is fully sustained by the holding of the Supreme Court in Motor Investment Co. v. Knox City, 141 Tex. 530, 174 S.W.2d 482.

Having reached the conclusion that no reversible error is shown, that the judgment is in accord with both substantial and legal justice, and this being an appeal from the county court, we affirm the trial court's judgment with this memorandum opinion. See Associated Indemnity Corp. v. Gatling, Tex.Civ.App., 75 S.W.2d 294.

The judgment of the trial court is affirmed.