**RADCLIFF FINANCE CORPORATION,
Appellant,**

v.

**R. S. CROWDER et al., Appellees.**

No. 3509.

Court of Civil Appeals of Texas.

Waco.

Nov. 14, 1957.

Rehearing Denied Dec. 5, 1957.

John L. Sandstedt, Bryan, for appellant.

W. S. Barron, Bryan, Seymour Lieberman, Houston, for appellees.

HALE, Justice.

The controlling question presented on this appeal is whether an alleged sale of a certain motor vehicle constituted a first sale thereof within the meaning of Art. 1436–1 of Vernon's Penal Code of Texas, known as the Certificate of Title Act. On December 16, 1953, the automobile was sold to City Motor Sales, Inc., a used car dealer of Rosenburg, Texas, by its then owner, G. R. Facton, d/b/a Missouri and Kansas Auto Sales, at auction sale in Kansas City, Missouri. At the same time the seller made application for the registration of the automobile in the State of Missouri and thereafter, on December 21, 1953, a certificate of title to the automobile was issued to Facton by the proper authorities of the State of Missouri. On December 19, 1953, prior to the registration of the automobile in Missouri, it was sold and delivered to appellee, Jimmie Nichols, by City Motor Sales, Inc., in Rosenburg, Texas. Appellant advanced the purchase price for the sale from Facton to City Motor Sales, Inc., and on February 17, 1954, City Motor Sales, Inc., executed and delivered its promissory note to appellant, together with a chattel mortgage on the automobile in controversy, the mortgage being further evidenced by a notation entered on a certificate of title issued by proper authorities of the State of Texas under the application dated February 17, 1954, show-

ing City Motor Sales, Inc. to be the owner of the automobile.

Based upon the foregoing facts which appear from the allegations contained in its pleadings, appellant sought to foreclose the chattel mortgage here in dispute. Appellees answered with special exceptions to such allegations, asserting that under the alleged facts appellant had no cause of action or justiciable interest in the subject matter of the suit. Appellant stipulated in writing that "if the transaction between Jimmie Nichols and City Motor Sales, Inc., constituted a first sale of the Cadillac coupe, Motor No. 5362108360, Radcliff Finance Corporation has no lien on the car in question." The trial court sustained the special exceptions, held that the transaction constituted a first sale, that appellant had no lien on the automobile and rendered judgment that appellant take nothing.

Appellant predicates its appeal upon the following point of error: "The district court erred in holding the transaction between City Motor Sales, Inc. and Appellee, Jimmie Nichols, constituted a 'first sale' within the meaning of the Certificate of Title Act."

Sec. 7 of the Certificate of Title Act, being Art. 1436–1 of Vernon's Penal Code of Texas, defining the first sale of a motor vehicle, reads as follows: "The term 'First Sale' means the bargain, sale, transfer, or delivery with intent to pass an interest therein, other than a lien, of a motor vehicle which has not been previously registered or licensed in this State or elsewhere; and such a bargain, sale, transfer or delivery, accompanied by registration or licensing of said vehicle in this State or elsewhere, shall constitute the first sale of said vehicle, irrespective of where such bargain, sale, transfer, or delivery occurred."

There is no allegation in the pleading that the Cadillac automobile in controversy had been registered or licensed in the State of Texas or elsewhere previously to the sale and delivery thereof from City Motor Sales, Inc. to appellee, Jimmie Nichols, on

December 19, 1953. In its brief, appellant says: "So far as is known, the car had not been registered anywhere prior to coming into the possession of Facton."

Under the pleadings of the parties, we do not think the trial court erred in sustaining the special exceptions of appellees to the allegations contained in the trial petition of appellant, or in holding that the transaction between City Motor Sales, Inc. and Jimmie Nichols, constituted a first sale of the Cadillac automobile in controversy, within the meaning of the Certificate of Title Act. Motor Inv. Co. v. Knox City, 141 Tex. 530, 174 S.W.2d 482; Radcliff Finance Corp. v. Beckman, Tex.Civ.App., 296 S.W.2d 942; Continental Credit Corp. v. Norman, Tex.Civ.App., 303 S.W.2d 449.

Accordingly, appellant's point of error is overruled and the judgment appealed from is affirmed.