**RADCLIFF FINANCE CORPORATION,**
Appellant,

v.

**CITY MOTOR SALES, Inc., et al., Appellees.**

No. 3558.

Court of Civil Appeals of Texas.

Waco.

June 6, 1958.

H. A. Crawford, Houston, for appellant.

Fowler & Conn, Louis A. Pontello, Jr., Houston, for appellees.

McDONALD, Chief Justice.

Radcliff Finance Corporation sued City Motor Sales, Inc., on a promissory note and prayed for foreclosure of an alleged lien on a certain Chevrolet automobile against City Motor Sales and against C. F. Montgomery. Montgomery had purchased the car from City Motor Sales. This case was one of a group of cases involving transactions between Radcliff Finance Corporation and City Motor Sales, Inc., and a number of different purchasers of automobiles from City Motor Sales. All of these cases were referred to a Master, who took evidence collectively in all the cases. Thereafter this case was severed and trial was before the court without a jury. The Trial Court entered judgment for Radcliff Finance against City Motor Sales on the note, and entered judgment for C. F. Montgomery for title and possession of the automobile involved. Radcliff Finance appeals. The Trial Court, at the request of Radcliff Finance filed Findings of Fact and Conclusions which are in support of the judgment entered. Thereafter the Trial Court, at the request of Radcliff Finance Corporation, filed certain Additional Findings of Fact and Conclusions of Law. Counsel for Radcliff failed to advise counsel for C. F. Montgomery that he was making request for the Additional Findings and Conclusions. Thereafter counsel for Radcliff requested the clerk, under Rule 376, Texas Rules of Civil Procedure, to include certain items in the Transcript on appeal, *including the Additional Findings of Fact and Conclusions of Law, but* furnished counsel for C. F. Montgomery a purported copy of such request which was silent as to the request for *Additional Findings of Fact and Conclusions of Law.*

Counsel for C. F. Montgomery has moved that the Additional Findings of Fact and Conclusions of Law be stricken since Rule 376 was not complied with.

■ We think that such motion is good, and hereby strike the Trial Court's Addi-

tional Findings of Fact and Conclusions of Law.

The remaining Findings of Fact and Conclusions of Law all sustain the judgment of the Trial Court. Further to the foregoing, however, we have carefully reviewed the complete record in this cause, and find no error. The judgment of the Trial Court is accordingly Affirmed.

HALE, J., took no part in the consideration and disposition of this case.