**RADCLIFF FINANCE CORPORATION,**
Appellant,

v.

**CITY MOTOR SALES, Inc., et al.,**
Appellees.

No. 3561.

Court of Civil Appeals of Texas.

Waco.

July 1, 1958.

Rehearing Denied July 10, 1958.

H. A. Crawford, Houston, for appellant.

Bernard Kay, Seymour Lieberman, Houston, for appellees.

McDONALD, Chief Justice.

Radcliff Finance Corporation sued City Motor Sales, Inc., on a promissory note and prayed for foreclosure of an alleged lien on a certain 1953 Victoria Ford automobile against City Motor Sales and Jonnie Davis. Davis had purchased the car from City Motor Sales. This case was one of a group of cases involving transactions between Radcliff Finance Corporation and City Motor Sales, Inc., and a number of different purchasers of automobiles from City Motor Sales. All of these cases were referred to a Master, who took evidence collectively in all the cases. Thereafter this case was severed and trial was before the court without a jury. The Trial Court entered judgment for Radcliff Finance Corporation against City Motor Sales on the note, and entered judgment for Jonnie Davis for title and possession of the automobile involved. Radcliff Finance appeals.

It appears that a Certificate of Title to the automobile in question was issued on *12 March 1953* by the State of Nebraska showing the owner to be Jimmie Cotton of Nebraska. The assignment on the reverse side of the Certificate was executed by Cotton showing transfer to City Motor Sales, Inc., and was dated *20 March 1953*. On 20 March 1953 the automobile was in possession of City Motor Sales and was on that date sold to Jonnie Davis by City Motor Sales, she paying for same in full at the time. She executed an application for a Certificate of Title at that time and received possession of the automobile. *Subsequent* to the above transaction City Motor Sales executed a note to Radcliff Finance and a chattel mortgage covering the automobile in controversy, and also delivered to Radcliff the Nebraska Certificate of Title to the automobile, and executed an application for a Texas Certificate of Title showing a lien in favor of Radcliff.

Radcliff did not cause the application to be sent through the Tax Collector to the Texas Highway Department at the time, but ultimately did so on 25 June 1953.

At the time of their respective transactions with City Motor Sales, neither Jonnie Davis nor Radcliff Finance had any notice of any interest of the other in the automobile in question.

The Trial Court concluded that under the facts, since the automobile was imported into Texas for the purpose of sale, City Motor Sales, Inc. was not required to pro-

cure a Texas Certificate of Title before selling the automobile. The sale to Jonnie Davis was not a "subsequent sale", as that term is defined by the Certificate of Title act. At any time prior to the acquisition by Radcliff Finance of any interest in the automobile, City Motor Sales had a legal right to sell the automobile and Jonnie Davis did all that was required of her by requesting a Certificate of Title and signing an application therefor. Radcliff Finance did not acquire any lien while City Motor Sales was owner of the automobile. Jonnie Davis is entitled to title and possession of the automobile free and clear of any liens.

■ Radcliff contends on appeal that the Trial Court's conclusions that the sale to Davis was not a subsequent sale, and that City Motor Sales was not required to secure a Texas Certificate of Title before selling the automobile, are in error.

■ We overrule the foregoing contentions for the reasons hereafter briefly noted. City Motor Sales was a dealer who imported the automobile into Texas for the purpose of sale. Section 30, Art. 1436–1, Vernon's Annotated Penal Code, excepts City Motors in such situation from first securing the Texas title before selling the vehicle. The vehicle had never been registered or licensed in Nebraska or elsewhere. The sale to Jonnie Davis was therefore not a subsequent sale. (Secs. 7 and 8, Art. 1436–1, Penal Code.) Jonnie Davis did all that was required to be done by requesting a Certificate of Title and signing an application therefor.

We believe the Trial Court's conclusions and judgment are fully sustained by the holding of the Supreme Court in Motor Investment Corp. v. Knox City, 141 Tex. 530, 174 S.W.2d 482. The Fort Worth Court reached the same conclusion in an almost identical factual situation in Radcliff Finance Corp. v. Beckman and City Motor Sales, Tex.Civ.App., 296 S.W.2d 942 (no writ history).

We conclude that no reversible error is shown and that the judgment is in accord with both substantial and legal justice. The judgment of the Trial Court is accordingly affirmed.

HALE, J., took no part in the consideration and disposition of this case.