**RADCLIFF FINANCE CORPORATION,
Appellant,**

v.

**CITY MOTOR SALES, Inc., et al., Appellees.**

No. 3560.

Court of Civil Appeals of Texas.

Waco.

July 31, 1958.

Rehearing Denied Oct. 6, 1958.

H. A. Crawford, Houston, for appellant.

Seymour Lieberman, Abe Levy, Robert L. Sonfield, Houston, for appellees.

McDONALD, Chief Justice.

Radcliff Finance Corporation sued City Motor Sales, Inc., on a promissory note and prayed for a foreclosure of an alleged lien on a certain 1953 Cadillac automobile against City Motor Sales and J. Caruthers.

Caruthers had purchased the car from City Motor Sales. This case was one of a group of cases involving transactions between Radcliff Finance Corporation and City Motor Sales, Inc., and a number of different purchasers of automobiles from City Motor Sales. All of these cases were referred to a Master, who took evidence collectively in all the cases. Thereafter this case was severed and trial was before the court without a jury. The Trial Court entered judgment for Radcliff Finance Corporation against City Motor Sales on the note, and entered judgment for J. Caruthers for title and possession of the automobile involved. Radcliff Finance appeals.

It appears that a Certificate of Title to the automobile in question was issued by the State of Wisconsin showing the owner to be Walter F. Kappelmann. The assignment on the reverse side was executed by Kappelmann showing transfer to City Motor Sales, Inc. The portion of the assignment form designated for showing liens showed *"None"*.

City Motor Sales executed a draft for $4,100, dated *22 September 1953,* on Radcliff Finance Corporation to pay for the vehicle and attached thereto the Wisconsin Certificate of Title. On *7 October 1953* Radcliff Finance Corporation accepted and paid the draft and obtained possession of the Wisconsin Certificate of Title, and thereafter caused a Texas Certificate of Title to be issued on *7 December 1953* showing City Motor Sales as owner of the vehicle, subject to a lien in Radcliff's favor.

On *23 September 1953,* prior to acceptance of the draft by Radcliff, the automobile was in possession of City Motor Sales and exposed for sale. Such possession and exposure for sale was with the knowledge of Radcliffe Finance Corporation. On *23 September* the automobile was sold to J. Caruthers upon the representation that it was a new automobile. J. Caruthers believed the representation, paid the purchase price in full and took possession of the automobile. Caruthers had no knowledge or

notice that City Motor Sales had other than a complete and unencumbered title. Caruthers signed an application for a Certificate of Title and was told it would take a few days to secure same.

The Trial Court concluded that under the facts, since the automobile was imported into Texas for the purpose of sale, that the sale to J. Caruthers was not a subsequent sale as that term is defined by the Certificate of Title Act, Vernon's Ann.P.C. art. 1436-1, § 8; that Radcliff Finance paid the draft at a time when it was charged by law with knowledge that the automobile could be the subject of a first sale by City Motor Sales, Inc; and that Radcliff thereby took the risk of a transfer by City Motor Sales to an innocent purchaser.

Radcliff Finance contends on appeal that the Trial Court's conclusion that the sale by City Motor Sales to Radcliff was not a subsequent sale, is in error.

We overrule the foregoing contention for the reasons hereafter briefly noted. City Motor Sales was a dealer which purchased the vehicle for resale at retail. City Motor Sales, Inc., was a dealer in automobiles as defined by Section 19 of the Act, and not an owner thereof, as defined by Section 4. City Motor was not such a person as had title to the vehicle after a first sale thereof because each prior sale or transfer of the car, including the sale to it, was a first sale as defined by the Statute, and City Motor Sales was not required to procure a Certificate of Title before selling the automobile to Caruthers. Caruthers' purchase is not controlled by the Statute in reference to a subsequent sale, as defined in Section 8. Vernon's Ann.P.C. art. 1436-1, §§ 4, 8, 19.

We believe the Trial Court's conclusion and judgment are fully sustained by the following cases: Motor Investment Co. v. Knox City, 141 Tex. 530, 174 S.W.2d 482; Radcliff Finance Corp. v. Beckman, Tex. Civ.App., 296 S.W.2d 942 (no writ history); Nicewarner v. Alston, Tex.Civ.App., 228 S.W.2d 872, Er.Ref.N.R.E., and Radcliff

Finance Corp. v. City Motor Sales, Inc., Tex.Civ.App., 314 S.W.2d 886.

We conclude that no reversible error is shown and that the judgment is in accord with both substantial and legal justice. The judgment of the Trial Court is accordingly affirmed.

HALE, J., not participating.