**RADCLIFF FINANCE CORPORATION,**
Appellant,

v.

**CITY MOTOR SALES, Inc., et al.,**
Appellees.

No. 3559.

Court of Civil Appeals of Texas.

Waco.

Nov. 13, 1958.

H. A. Crawford, Houston, for appellant.

Seymour Lieberman, Bernard Kay, Houston, Duckett & Duckett, El Campo, for appellees.

TIREY, Justice.

Appellant brought this suit against City Motor Sales, Inc., and E. P. Hermansen, to foreclose its chattel mortgage lien against a 1953 Ford Ranch Wagon. The suit involves the construction and application of the Automobile Certificate of Title Act, Art. 1436–1, Vernon's Ann.Penal Code, Acts of the 46th Legislature, 1939, p. 602. Appellant predicates its lien on having paid a draft on December 15, 1953, drawn by City Motor Sales, Inc., at the same time knowing that no importer's certificate had been issued, and knowing that the automobile was brought into Texas for resale.

Hermansen purchased the automobile on December 16, 1953, as an innocent purchaser, upon the representation from the City Motor Sales, Inc., that such automobile was new. Hermansen paid cash for the automobile. On July 24, 1954, appellant procured a writ of sequestration and seized the car, but Hermansen did not replevy it, and thereafter, on September 14, 1954, appellant sold the automobile without having procured an order of court authorizing the sale.

Hermansen, in his answer and cross action, asserted that he had good title to the car in question, and he asked for relief against appellant and also City Motor Sales, Inc.

This cause (non-jury) is similar to three other causes of the same style heretofore passed on by this court and reported respectively in 314 S.W.2d 650 (no writ history), 314 S.W.2d 886, N.R.E., and 316 S.W.2d 170 (application for writ pending). In the judgment there are findings to the effect that the Radcliff Finance Corporation suit is based on a promissory note in the sum of $1,425, and that it is entitled to its judgment against City Motor Sales, Inc.,

in the sum of $1,425 with interest and attorneys' fees; that Hermansen was entitled to judgment against Radcliff Finance Corporation but not against City Motor Sales, Inc. The court decreed that Hermansen recover from Radcliff Finance Corporation the sum of $1,850, with interest at 6% per annum from July 24, 1954, and further found that Hermansen recover nothing on his cross-action against City Motor Sales, Inc. At the request of Radcliff Finance Corporation, the court filed Findings of Fact and Conclusions of Law. We quote them substantially:

"Findings of Fact.

"1. The automobile is controversy is a 1953 Ford Ranch Wagon, Motor No. B3KW 142796.

"2. A Missouri certificate of title covering the automobile was issued showing the owner to be Nancy M. Lynch. On the reverse of the certificate Nancy M. Lynch executed an assignment to United Auto Sales, Kansas City, Missouri, automobile dealer. Also on the reverse of the certificate United Auto Sales thereafter executed a 're-assignment' to City Motor Sales, Inc., Rosenberg, Texas, such re-assignment including the statement that the automobile was subject to no chattel mortgages. City Motor Sales, Inc., obtained possession of the automobile covered by the certificate of title. The certificate was enclosed in an envelope draft, dated November 27, 1953, in the amount of $1,955.00, payable to Auto Dealers Auction, drawn by City Motor Sales, Inc., on Radcliff Finance Corporation, Texas National Bank, Houston, Texas. The draft was sent to the Texas National Bank for collection. On December 15, 1953, Radcliff Finance Corporation accepted and paid the draft and received possession of the Missouri certificate of title. The draft bore the notation on its face: 'Title passes when draft paid.'

"3. No importer's certificate was ever issued with respect to the automobile. Radcliff Finance Corporation paid the draft

14

knowing that no importer's certificate had been issued and knowing that the automobile had been brought into Texas for the purpose of resale. Radcliff Finance Corporation did not require an importer's certificate to be obtained after it paid the draft.

"4. Under date of January 13, 1954, the Texas Highway Department issued a 'warning' certificate of title to the automobile, showing City Motor Sales, Inc., to be the owner and reflecting the existence of a lien in favor of Radcliff Finance Corporation to secure an indebtedness in the amount of $1,425.00.

"5. On December 11, 1953 the automobile was in the possession of City Motor Sales, Inc., at Rosenberg, Texas, and was exposed for sale. Such possession and exposure for sale were with the knowledge of Radcliff Finance Corporation.

"6. On December 11, 1953, the automobile in question was offered for sale to E. P. Hermansen by City Motor Sales, Inc., upon the representation that it was a new automobile. E. P. Hermansen believed the representation and agreed to purchase the automobile. He consummated the purchase on December 16, 1953, when he paid the full purchase price and took possession of the automobile.

"7. E. P. Hermansen had no actual knowledge that City Motor Sales, Inc., did not have a complete and unencumbered title to the automobile, and no actual knowledge of any fact which would put a reasonable man on inquiry as to such matters.

"8. At the time of the above mentioned purchase of the automobile, E. P. Hermansen signed the title papers and requested title. He was told that the title would be mailed to Austin, and mailed to him.

"9. After the filing of the present suit, Radcliff Finance Corporation procured the issuance of a writ of sequestration for the automobile in controversy and it was seized pursuant to the writ in Wharton County on July 24, 1954. At that time the automobile had a reasonable market value of $1850.00. The automobile was not replevied by E. P. Hermansen, but was replevied by Radcliff Finance Corporation. On September 14, 1954, Radcliff Finance Corporation sold the automobile without having obtained any order of the court authorizing such sale.

"Conclusions of Law.

"Since the vehicle was brought into the state for the purpose of sale, it could be the subject of a 'first sale' from dealer to owner and was not required to have been previously registered or titled in this state. Radcliff Finance Corporation was charged with knowledge of such fact and of the fact that City Motor Sales, Inc.'s possession of the automobile under those circumstances could operate to mislead an innocent purchaser. If Radcliff Finance Corporation had required an importer's certificate with its lien noted thereon to be obtained promptly after it paid the draft on December 15, 1953, it would have been protected against the purchase by E. P. Hermansen, which was consummated the next day. Since it did not do so, E. P. Hermansen's rights as an innocent purchaser became fixed on December 16, 1953, when he obtained possession of the automobile and paid the purchase price, and the subsequent issuance of a certificate of title showing Radcliff's lien, whether valid or not, does not affect the result.

"E. P. Hermansen is entitled to judgment against Radcliff Finance Corporation and the sureties on its replevy bond in the amount of $1850.00, with interest from the date of replevy."

There were no exceptions or objections filed to the Findings of Fact and Conclusions of Law, nor was there any request for additional Findings of Fact and Conclusions of Law; nor are the Findings of Fact here assailed. The Radcliff Finance Corporation duly perfected its appeal, but the City Motor Sales, Inc., did not appeal.

Appellant assigns two points. They are substantially to the effect that the court erred (1) in holding that Radcliff Finance Corporation had the duty to obtain an importer's certificate from City Motor Sales, Inc., and to note its lien thereon in order to perfect its lien as against Hermansen when the Texas Highway Department has not required the use of importers' certificates since 1949 or 1950; (2) in concluding as a matter of law that the automobile could be the subject of a first sale from dealer to owner without being registered in Texas when the court also found that the automobile was first sold to Nancy M. Lynch, which was a first sale, in Missouri and titled in Missouri. It is our view that the Findings of Fact and Conclusions of Law of the trial court bring this factual situation within the doctrine announced by our Supreme Court in Motor Inv. Co. v. Knox City, 141 Tex. 530, 174 S.W.2d 482.

As we understand the decisions subsequent to the foregoing case, our Supreme Court has not changed the rules therein stated. Under the construction given to the Certificate of Title Act aforesaid, we think Hermansen acquired good title because he was an innocent purchaser for value, and the trial court accordingly assessed Hermansen's damages and loss against appellant. If we are correct in this view of the application of the law, it follows that we are of the further view that the automobile sold to Hermansen could be the subject of a first sale from dealer to owner, and accordingly appellant's Point 2 is overruled. See also cases cited in the opinions here cited, and Christian v. Boyd, Tex.Civ.App., 222 S.W.2d 157; McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144; Mills v. Clark, Tex.Civ.App., 257 S.W.2d 746; Nicewarner v. Alston, Tex.Civ.App., 228 S.W.2d 872, n. r. e.; Radcliff Finance Co. v. Beckman, Tex.Civ.App., 296 S.W.2d 942, no writ history; R. Piel Gin Co. v. Independent Farmers' Gin Co., Tex.Civ. App., 257 S.W. 630, er. dis.

Accordingly, the judgment of the trial court is in all things affirmed.