**CREDIT INDUSTRIAL CORPORATION,**
Appellant,

v.

**John W. LEE,** Appellee.

No. 3473.

Court of Civil Appeals of Texas.

Eastland.

Oct. 16, 1959.

Rehearing Denied Nov. 27, 1959.

---

Cunningham & Cunningham, Big Spring, for appellant.

Irion, Cain, Cocke & Magee, Dallas, for appellee.

WALTER, Justice.

Credit Industrial Corporation sued John W. Lee for conversion of a house trailer. In a nonjury trial, judgment was entered for Lee and the corporation has appealed, contending its title to the house trailer is superior to that of Lee's.

Appellant claims a lien under what it pleads, in the alternative, to be a fictitious mortgage from Russell and Edna Boswell. A deputy Grayson County tax collector testified she was familiar with the Russell Boswell application for title on said house trailer. A certified copy of same was introduced which revealed appellant's first lien dated January 3, 1957, for $4,498.80. The Boswell application for title was issued January 5, 1957. The deputy further testified the Boswell papers were sent to the State Highway Department at Austin and were returned the first time on January 18, 1957, for the reason that on the application for title the trailer house was described as a Mercury instead of a Skylark. Wayne's Mobile Homes made the required correction and the papers were returned to the State Highway Department but same were returned to the Grayson County tax collector a second time requesting an affidavit from the lien holder. On March 14, 1957, the manufacturer's certificate and the other Boswell papers were released to Wayne's Mobile Homes and were never returned to the tax collector's office. The record does not show that the Boswells were ever issued a title to this house trailer.

Lee purchased the house trailer from Wayne's Mobile Homes, a dealer, on April 15, 1957, and was delivered the manufacturer's certificate and possession of the house trailer on such date. Lee made application for title and the State Highway Department issued him a certificate of title showing a lien in favor of Pacific Finance Corporation.

Based upon competent evidence the court found (1) that the mortgage under which appellant claims a lien was never executed by Russell and Edna Boswell, the purported mortgagors, (2) that appellant's purported lien was never recorded on the manufacturer's certificate, (3) that no certificate of title was ever issued to the Boswells, and (4) that the certificate of title issued to Lee was the first certificate of title ever issued to anyone on the house trailer.

Section 41 of Article 1436-1 of the Vernon's Ann. Penal Code provides that no lien shall be valid against any motor vehicle which is the subject of a first sale unless there is endorsed on the manufac-

turer's certificate the date of the lien and the name and address of the mortgagees whose rights arise out of, or are incident to, such first sale by reason of the execution of any written instrument by the transferee.

Appellant's alleged lien under its fictiti-. ous mortgage was not recorded on the manufacturer's certificate; therefore, same could not be a valid lien against the house trailer.

The judgment is affirmed.