**CREDIT INDUSTRIAL CORPORATION,**
Appellant,

v.

**PACIFIC FINANCE CORPORATION,**
Appellee.

No. 3687.

Court of Civil Appeals of Texas.

Waco.

Nov. 25, 1959.

Rehearing Denied Dec. 17, 1959.

Grover Cunningham, Jr., Big Spring, for appellant.

Irion, Cain, Cocke & Magee, Dallas, for appellee.

McDONALD, Chief Justice.

This case involves the superiority of asserted liens to a house trailer. Both claims

originate in Wayne's Mobile Homes. Wayne's Mobile Homes sold the trailer in question to Russell Boswell on or about 5 January 1957. Credit Industrial Corporation purchased the paper in connection with this transaction and filed the necessary papers with the Tax Assessor-Collector of Grayson County applying for issuance of a title to Boswell showing Credit Industrial Corporation's lien. The papers were returned by the State Highway Department to the Grayson County Tax Collector on 18 January 1957, for clerical correction. The Tax Collector's office turned the papers over to Wayne's Mobile Homes for correction. They were corrected and returned to the State Highway Department on 29 January 1957. The State Highway Department again returned the papers for clerical corrections on 20 February 1957. The Tax Collector's office again turned the papers over to Wayne's Mobile Homes, which never made the corrections in the papers and never returned them to the Tax Collector for transmittal to the State Highway Department. Thereafter Wayne's Mobile Homes came into possession of the trailer, and sold it to J. W. Lee. Lee traded in an old trailer on the purchase price and financed the balance with Pacific Finance Company. Application was made through the Grayson County Tax Assessor-Collector to the State Highway Department for a Certificate of Title, which was issued showing title in Lee subject to a lien in favor of Pacific Finance Company. Lee took possession of the trailer and remained in such possession until evicted by the sheriff, acting under a writ of sequestration.

Credit Industrial Corporation brought the instant case against Pacific Finance Corporation, asserting that it has superior lien on the trailer. On the foregoing facts the Trial Court granted summary judgment for defendant Pacific Finance Company, holding that it had superior lien on the trailer.

Credit Industrial Corporation appeals, contending that the Trial Court erred and that it has superior lien because: 1) the sale under which Pacific Finance claims is void, or Pacific is negligent as a matter of law in not discovering prior claims; 2) it claims under the first parties to purchase the trailer and acquire a title from Wayne's Mobile Homes.

■■■ As we view the record before us, the sale to Lee under which Pacific claims its lien violated no provisions of the Title Act as contended. Art. 1436–1, Vernon's Ann.P.C. Credit Industrial Corporation did advance the money for the Boswell purchase, but never did get a lien under the Title Act since the papers were returned for corrections by the State Highway Department, and were never forwarded back to the Highway Department. On the other hand, following the sale to Lee, which was financed by Pacific, and pursuant to which sale they claim their lien, application for certificate of title was made through the Tax Collector to the State Highway Department, which in turn issued a certificate of title to Lee showing the lien in favor of Pacific. There is no question of bad faith or knowledge on the part of Lee or Pacific. On the contrary Lee was a bona fide purchaser for value of merchandise exposed for sale, and Pacific financed the purchase. Lee's title showing Pacific a lienholder is valid on its face and we think the superior lien as between the parties hereto. Credit Industrial had the burden of proving facts necessary to establish its lien. It has not done so. On the contrary, the only valid lien as between the parties hereto is held by Pacific. See: Radcliff Finance Corp. v. City Motor Sales, Tex.Civ.App., 316 S.W.2d 170, affirmed Tex., 323 S.W.2d 591, and the authorities therein collated; Credit Industrial Corp. v. Lee, Tex.Civ.App., 329 S.W.2d 96.

All of Credit Industrial Corporation's points and the contentions thereunder made are overruled and the judgment appealed from is affirmed.