**SAYLOR CHEVROLET COMPANY,**
Appellant,

v.

**Tim ELLIS, Appellee.**

No. 3531.

Court of Civil Appeals of Texas.

Eastland.

May 13, 1960.

T. C. Wilkinson, Brownwood, for appellant.

Gib Callaway, Brownwood, for appellee.

GRISSOM, Chief Justice.

Tim Ellis recovered a judgment against Saylor Chevrolet Company for title and possession of a truck. It was further decreed that Ellis had the right to have the truck registered and a certificate of title issued to him. Saylor Chevrolet Company has appealed.

Ellis purchased the new truck from Wells, an automobile dealer in Brown County, paid the consideration and received possession on March 15, 1958. The truck was new. It had never been registered. No certificate of title had been issued. Ellis went to Wells, the automobile dealer in Brown County, and made a trade to purchase from him a certain kind of truck. Wells found the kind of truck desired by Ellis in the possession of Saylor in Goldthwaite, obtained it from Saylor on Saturday, March 15, 1958, and delivered it to Ellis who paid Wells therefor. The truck was delivered by Wells to Ellis on Saturday. When Ellis took possession Wells told him the courthouse was closed on Saturday and that the necessary "papers" could not be obtained until "next week", when Wells would have the truck registered.

Trial was to the court. Findings of fact were neither filed nor requested. Therefore, we must conclude that the court found every fact in favor of Ellis that is necessary to support the judgment. There was evidence from which the trial court might have found, and presumably did find, that Wells had on many occasions obtained automobiles from Saylor for the purpose of selling and delivering them to Wells' customers before Saylor obtained payment therefor; that on other occasions Wells had obtained automobiles from Saylor for such purpose and given him a check, or a draft, therefor that was not promptly paid; that Saylor knew when it delivered possession of the truck in controversy to Wells that Wells had it sold and would promptly deliver it to his purchaser; that Saylor accepted Wells' draft on a Brownwood bank and placed it in a Goldthwaite bank for collection, with the manufacturer's certificate attached, and that the draft had not reached the Brownwood bank and payment had not been refused at the time Ellis paid for the truck and it was delivered to him and, further, that, in the ordinary course of business, Wells' draft could not have been presented for payment before the time Saylor knew that the truck would probably be delivered to Ellis. The court had the right to conclude and presumably did find, that Ellis was an innocent purchaser for value without notice and that Saylor was estopped to deny that it had parted with title. Scruggs v. Crockett Automobile Company, Tex.Civ.App., 41 S.W.2d 509 (Writ Dis.); Gerber v. Pike, Tex.Civ.App., 249 S.W.2d 90.

Under the Certificate of Title Act, Article 1436–1, transfer of the man-

ufacturer's certificate was not a prerequisite to validity of the first sales. The sales by Saylor to Wells and by Wells to Ellis were all first sales. The truck was new and registering and obtaining a certificate of title prior to the sale to Ellis were not required by the Certificate of Title Act. Therefore, there was no legal impediment to a lawful transfer of title and possession to Ellis. Our Supreme Court has expressly held that transfer of the manufacturer's certificate is not essential to the validity of a first sale. Motor Investment Company v. Knox City, 141 Tex. 530, 174 S.W.2d 482. In Nicewarner v. Alston, Tex.Civ. App., 228 S.W.2d 872 (Ref. N.R.E.), the appellant contended that the court erred in rendering judgment for appellees because (1) Alston did not receive a manufacturer's certificate when he purchased the car and, therefore, he had no title when he attempted to convey it to Winkles and (2) attaching the manufacturer's certificate to a draft for the purchase price was equivalent to noting a lien on said certificate. The court overruled said contentions and held that title passed upon delivery. It is evident that the statutory provision for notation of a lien on the manufacturer's certificate has the effect of giving legal notice of a lien to a purchaser at a first sale; that attaching a draft to such a certificate is not compliance therewith and that said statute does not make receipt of the manufacturer's certificate by a purchaser at a first sale a prerequisite to asserting that he is an innocent purchaser. Continental Credit Corp. v. Norman, Tex.Civ.App., 303 S.W.2d 449, 451, (Ref. N.R.E.); Radcliff Finance Corp. v. Crowder, Tex.Civ.App., 307 SW.2d 145 (Ref. N.R.E.); Radcliff Finance Corp. v. Beckman, Tex.Civ.App., 296 SW.2d 942; 37-A Tex.Jur. 228, 539; Mossler Acceptance Co. v. Johnson, D. C., 109 F.Supp. 157.

While there is evidence to the effect that the sale by Saylor to Wells was a cash sale under an agreement that title should not pass until payment of the draft, such facts were not conclusively established. Therefore, we must accept the trial court's presumed findings to the contrary. Saylor could have protected itself by noting a lien on the manufacturer's certificate. Penal Code, Article 1436–1, Section 41. It could have retained possession of the truck until it was paid. It permitted Wells to take possession, knowing that Wells would likely sell and deliver the truck before its draft would be either paid or dishonored. It knew that Wells had theretofore given it checks and drafts for automobiles that were not paid when presented. It permitted the truck to be delivered to and paid for by Ellis before it could know whether this particular draft would be paid. We must conclude that the trial court had the right to find that Ellis was an innocent purchaser and that Saylor's negligence permitted this situation. See 88 A.L.R. 113; 77 C.J.S. Sales § 295, p. 1108; 78 C.J.S. Sales § 574, pp. 296, 297.

Some of the authorities cited by appellant may be distinguished because they deal with subsequent rather than first sales. We conclude that the evidence was sufficient to support the presumed findings that are necessary to support the judgment. Appellant's points have been considered and are overruled. The judgment is affirmed.