

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-08-374-CV

CITY OF ARLINGTON, TEXAS                                   APPELLANTS
AND ALISON TURNER

V.

MARK ALLEN RANDALL                                           APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

## OPINION

------------

### I. INTRODUCTION

This is an interlocutory appeal by Appellants the City of Arlington, Texas and Alison Detective Turner from the trial court's denial of Appellants' plea to the jurisdiction and motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5), (8) (Vernon 2008). We will affirm in part, reverse in part, and remand this case to the trial court.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Arlington police obtained a warrant to arrest Appellee Mark Allen Randall for fraud in obtaining a controlled substance by forgery. The arrest warrant, issued by an Arlington municipal court, was based on Detective Turner's affidavit stating that Randall had attempted to pass a forged prescription at a grocery store pharmacy. According to Detective Turner's affidavit, on December 8, 2005, a man presented the pharmacist technician with a prescription, told him it was for Carolyn Miller, gave the pharmacist technician Carolyn Miller's phone number, and said that she lived at 2572 West Park Row, Arlington, Texas 76017. The pharmacist technician suspected that the prescription was forged and informed the pharmacist on duty, who contacted the doctor named on the prescription. The doctor confirmed that the prescription was forged. The man left the pharmacy before police arrived. The pharmacist technician told police that the man was a white male in his thirties, approximately 5'8" tall, with a thin build, dark hair, and a goatee or mustache.

Detective Turner investigated the offense and ran a computer search of the phone number given to the pharmacist technician. She explained, "Whenever I put the phone number in from that script it popped up with people that have that phone number and it showed just Carolyn Miller and Mark Allen Randall." The search results did not indicate when these individuals had used

2

that phone number. Randall alleged in his petition that the phone number written on the prescription had been assigned to him only from June 2000 to October 2000—five years prior to the alleged offense—that the number had been disconnected and reassigned in 2000, and that he had moved to Houston in 2005. The only connection between Randall and the name "Carolyn Miller" was that both of them had been assigned the same phone number in the past. The address that the man had given the pharmacist technician did not exist.

Detective Turner prepared a photo lineup using driver's license photographs of six individuals, including Randall. The pharmacist technician positively identified Randall from the photo lineup, but the pharmacist was unable to identify anyone from the lineup. Although Randall's driver's license showed that he was 6'3"—seven inches taller than the height estimated by the pharmacist technician—and lived in Houston, Detective Turner did not inform the magistrate of these facts when seeking an arrest warrant. The warrant issued, and Randall was arrested for fraud. The State presented the case to the grand jury, which returned a "no bill."

On January 30, 2008, Randall filed suit against Appellants seeking damages and declaratory relief. In his original petition, Randall alleged that Appellants were negligent and that they had violated his rights under the Texas Constitution. In addition to damages, Randall sought a declaration that

3

Appellants had violated his constitutional rights and a declaration ordering the expungement of all evidence of his arrest; Randall also sought attorney's fees.

Appellants filed a plea to the jurisdiction and motion to dismiss, asserting that Detective Turner was entitled to official immunity, that the City was entitled to governmental immunity, and that Detective Turner was entitled to immediate dismissal from the suit pursuant to section 101.106(e) of the Texas Tort Claims Act (the TTCA).[1] Randall twice amended his petition, ultimately deleting his negligence claims and adding a request for an injunction prohibiting Appellants from continuing to claim that Randall had been arrested for, or had committed, fraud and ordering that the records of his arrest not be disclosed and be destroyed. The trial court denied Appellants' plea to the jurisdiction and motion to dismiss Detective Turner from the suit. Appellants perfected this interlocutory appeal.

On appeal, Appellants first argue that the trial court erred by denying the motion to dismiss Detective Turner from the suit. If they are correct, then Detective Turner should no longer be a party to any claims that Randall brought under the TTCA. For that reason, we will first address the motion to dismiss.

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (Vernon 2005) (providing for immediate dismissal of governmental employee upon motion by governmental unit when suit is filed under the TTCA against both a governmental unit and any of its employees).

4

We will then address Appellants' arguments regarding the denial of their plea to the jurisdiction based on Randall's claims for damages, injunctive relief, and declaratory judgment based on Appellants' alleged constitutional violations.

### III. MOTION TO DISMISS PURSUANT TO SECTION 101.106(e)[2]

In their first issue, Appellants argue that the trial court erred by denying the City's motion to dismiss Detective Turner from the lawsuit. Specifically, Appellants assert that Detective Turner is entitled to immediate dismissal from the suit pursuant to section 101.106(e) of the civil practice and remedies code because Randall's claims were brought under the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).

---

[2] Randall argues that we lack jurisdiction over this interlocutory appeal. Specifically, Randall contends that because Appellants did not file a summary judgment motion concerning the motion to dismiss Detective Turner from the suit, section 51.014(a)(5) of the civil practice and remedies code, which provides for interlocutory appeals from denials of summary judgment motions based on governmental employees' immunity, does not authorize an appeal from the denial of the motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5). Section 51.014(a)(5) has been construed, however, as providing for interlocutory appeals not only from the denial of a summary judgment but also from the denial of a motion to dismiss pursuant to section 101.106 of the TTCA. *See Phillips v. Dafonte*, 187 S.W.3d 669, 674–75 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see also Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845–46 (Tex. 2007) (holding that appellate court has jurisdiction over state official's interlocutory appeal of trial court's denial of plea to the jurisdiction in defense of official capacity).

A. Election of Remedies Provision

Under the TTCA's election scheme, recovery against an individual employee is barred and may be sought against only the governmental unit in three instances: (1) when suit is filed against the governmental unit only, Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f).

Section 101.106, entitled "Election of Remedies," is designed to force a plaintiff to decide at the outset whether an employee acted independently, and is thus solely liable, or whether she acted within the general scope of her employment so that the governmental unit is vicariously liable. *See Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008); *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 121 (Tex. App.—Houston [1st Dist.] 2008, no pet.). By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the TTCA or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs. *Tex. Bay Cherry Hill, L.P. v. City of Fort Worth*,

6

257 S.W.3d 379, 397 (Tex. App.—Fort Worth 2008, no pet.) (citing *Garcia*, 253 S.W.3d at 656–57).

The City relied on subsection (e) in its motion to dismiss. That subsection specifically provides, "If a suit is filed *under this chapter* against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e) (emphasis added). All tort theories alleged against a governmental unit are brought "under the [TTCA]" for purposes of section 101.106. *See Garcia*, 253 S.W.3d at 659 (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622–23 (Tex. 1997)). As the Texas Supreme Court has explained, "Because the [TTCA] is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under the [TTCA].'" *Id.*; *see also Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d at 400 (dismissing all tort claims against employee despite fact that plaintiff did not invoke or refer to the TTCA in its pleadings). However, claims against the government brought pursuant to waivers of sovereign immunity that exist apart from the TTCA are not brought "under [the TTCA]." *See Garcia*, 253 S.W.3d at 659.

A governmental entity perfects the statutory right to a dismissal of its employees upon the filing of a motion to dismiss. *Brown*, 260 S.W.3d at 122; *Villasan v. O'Rourke*, 166 S.W.3d 752, 758 (Tex. App.—Beaumont 2005, pet. denied). Even if the plaintiff amends his petition after the government files a motion to dismiss, the amended petition does not moot the right created by the filing of a motion under section 101.106. *Villasan*, 166 S.W.3d at 758.

B. Application of Section 101.106(e) to Randall's Claims

The City based its section 101.106(e) motion to dismiss Detective Turner on Randall's original petition, thus perfecting its statutory right to a dismissal of its employee, Detective Turner, upon the filing of that motion. *See Villasan*, 166 S.W.3d at 758. We therefore look to Randall's original petition, rather than any of his amended petitions, to determine whether the trial court erred by not dismissing Detective Turner from the suit. *See Brown*, 260 S.W.3d at 122; *Villasan*, 166 S.W.3d at 758.

Randall contends on appeal that section 101.106(e) does not apply to this case because he filed suit "pursuant to the Texas Constitution" and sought only declaratory relief based on these constitutional claims, but in his original petition, he sought damages and a declaratory judgment based on Appellants' alleged negligence and constitutional violations. We will address the application of 101.106(e) to each of these claims.

Randall's claims for Appellants' alleged negligence clearly fall under the TTCA. *See, e.g.*, *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 344 (Tex.) (dismissing suit against employee when both employee and governmental entity were sued based on negligence theories not within the TTCA's limited waiver), *cert. denied*, 525 U.S. 1017 (1998). Consequently, Detective Turner should have been dismissed from these claims.

Regarding Randall's originally pleaded constitutional claims, he claimed that Appellants violated his rights under the Texas Constitution to be free from unreasonable searches and seizures, to due course of law, and to freely address wrongs. He sought damages for Appellants' alleged constitutional violations by requesting that the trial court overturn *City of Beaumont v. Bouillion*, in which the Texas Supreme Court held that no private cause of action for money damages exists against a governmental entity for alleged violations of constitutional rights. 896 S.W.2d 143, 147 (Tex. 1995).[3] Randall also sought a declaratory judgment to declare that Appellants violated his constitutional rights and to order expungement of the evidence of his arrest.

---

[3] ... As we explain in greater detail below, the supreme court has drawn a distinction between suits for damages against governmental entities for constitutional violations, which are barred by governmental immunity, and suits seeking equitable remedies for constitutional violations, which are not barred by governmental immunity. *See id.* at 149.

To the extent that Randall sought damages for alleged constitutional violations, his claims were brought "under the [TTCA]" for purposes of section 101.106(e). *See Garcia*, 253 S.W.3d at 659; *Burdett v. Doe*, No. 03-06-00198-CV, 2008 WL 5264913, at *3 (Tex. App.—Austin Dec. 17, 2008, no pet.) (mem. op.) (holding that suit to recover damages for violation of right to privacy under Texas Constitution was brought "under the TTCA" for purposes of section 101.106(c)). But to the extent that Randall sought a declaratory judgment based on Appellants' alleged constitutional violations, he did not file suit "under the [TTCA]." *See, e.g.*, *City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (following *Bouillion* and holding that governmental entity could be sued for equitable and injunctive relief based on alleged constitutional violations); *Andrade v. NAACP of Austin*, 287 S.W.3d 240, 251 (Tex. App.—Austin 2009, pet. filed) (following *Elsa* to hold that sovereign immunity did not bar claims for declaratory relief for alleged constitutional violations). Randall's request for declaratory judgment was more than a mere recasting of his claims for damages to which the TTCA applies; he sought a judgment declaring that his constitutional rights had been violated and ordering expunction of the evidence of his arrest. *See Garcia*, 253 S.W.3d at 659. *But see City of Eagle Pass v. Wheeler*, No. 04-07-00817-CV, 2008 WL 2434228, at *4 (Tex. App.—San Antonio Jun 18, 2008, no pet.) (mem. op.) (holding that

10

appellant's request for declaratory judgment that governmental entity and employee violated his constitutional rights was recasting of his defamation and malicious prosecution tort claims).

Consequently, because section 101.106 applies to Randall's negligence claims and claims for damages for alleged constitutional violations, we hold that the trial court erred by denying Appellants' motion to dismiss Detective Turner from those claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e); *Garcia*, 253 S.W.3d at 659. But because section 101.106 does not apply to Randall's request for declaratory judgment for alleged constitutional violations, we hold that the trial court did not err by denying Appellants' motion to dismiss Detective Turner from these claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e); *Garcia*, 253 S.W.3d at 659. We sustain in part and overrule in part Appellants' first issue.

IV. PLEA TO THE JURISDICTION

In their second issue, Appellants argue that the trial court erred by denying their plea to the jurisdiction because Randall failed to plead facts affirmatively showing that the trial court has jurisdiction.

A. Standard of Review

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d

11

636, 638 (Tex. 1999). Whether a trial court has subject matter jurisdiction and whether a pleader has alleged facts that affirmatively demonstrate the trial court's subject matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

The determination of whether a trial court has subject matter jurisdiction begins with the pleadings. *Miranda*, 133 S.W.3d at 226. The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004, pet. denied).

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that is relevant to the jurisdictional issue). This standard

mirrors our review of summary judgments, and we therefore take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (citing *Miranda*, 133 S.W.3d at 228).

If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27; *see also Koseoglu*, 233 S.W.3d at 840 (stating that plaintiff "must be given an opportunity to amend in response to a plea to the jurisdiction" if pleading defects can be cured). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 227.

## B. Governmental Immunity

Because a governmental unit is protected from suit by sovereign immunity, a party seeking to sue a governmental unit must affirmatively demonstrate that the legislature has waived immunity for the claims brought. *Jones*, 8 S.W.3d at 638. If no such waiver exists, the trial court lacks jurisdiction over the lawsuit. *Tex. Natural Res. Conserv. Comm'n*, 74 S.W.3d at 855.

### C. Alleged Constitutional Violations

In his second amended petition, the live pleading on file when the trial court denied the City's plea to the jurisdiction, Randall asserted claims against Appellants for violations of his rights to be free from unreasonable searches and seizures, to due course of law, and to freely, in open court, address wrongs.[4] Randall sought monetary, injunctive, and declaratory relief based on Appellants' alleged constitutional violations. We will address separately the applicability of governmental immunity to each of Randall's claims.

As a preliminary matter, we note that Randall brought all of his claims against the City and against Detective Turner in her official capacity.[5] Detective Turner is entitled to assert any defense that the City may assert, and the claims against her are subject to the same jurisdictional analysis as claims

---

[4] *See* Tex. Const. art. I, §§ 9, 13, 19. Randall included a laundry list of factual bases for his constitutional claims, including failing to properly supervise and train officers to avoid false arrests, failing to properly investigate the case against him, using Randall's photograph in a manner to suggest that he committed the alleged crime, and using an arrest warrant in a false and misleading manner.

[5] Appellants raised the defense of official immunity regarding the claims against Detective Turner, but official immunity is an affirmative defense that protects a government employee from personal liability in her individual capacity. *See Vela v. Rocha*, 52 S.W.3d 398, 404 (Tex. App.—Corpus Christi 2001, pet. denied); *Battin v. Samaniego*, 23 S.W.3d 183, 187–88 (Tex. App.—El Paso 2000, pet. denied). Because Randall sued Detective Turner in only her official capacity, the defense of official immunity is not applicable.

against the City. *See Tex. Bay Cherry Hill, L.P.*, 257 S.W.3d at 400; *Tex. Dep't of Health v. Rocha*, 102 S.W.3d 348, 353 (Tex. App.—Corpus Christi 2003, no pet.); *Nueces County v. Ferguson*, 97 S.W.3d 205, 215–16 (Tex. App.—Corpus Christi 2002, no pet.). Thus, we will apply the same jurisdictional analysis to Randall's claims against Detective Turner as we do to those against the City.

*1. Damages and Injunctive Relief for Alleged Constitutional Violations*

Under the Texas Supreme Court's decision in *Bouillion* and its progeny, no private cause of action exists against a governmental entity for money damages relating to the governmental entity's alleged violations of constitutional rights. *See* 896 S.W.2d at 147; *see also Elsa*, 226 S.W.3d at 392 (holding that police officers who sued city for disclosing to media results of random drug tests could pursue city for equitable and injunctive relief based on alleged constitutional violations). Although no implied private right of action exists for money damages against governmental entities for violations of the Texas Constitution, a suit seeking an equitable remedy for violations of constitutional rights may be maintained against governmental entities. *Bouillion*, 896 S.W.2d at 147. The supreme court explained that seeking equitable relief is fundamentally "different from seeking compensation for damages, or compensation in money for a loss or injury." *Id.* at 149.

15

Here, Randall specifically sought money damages, requesting that the trial court overturn *Bouillion*. We must, however, follow *Bouillion* and we therefore hold that pursuant to *Bouillion*, Randall's claims for monetary damages based on the City's alleged constitutional violations are barred by governmental immunity. *See id.* at 147.

Regarding Randall's request for injunctive relief, governmental immunity does not bar suits for injunctive relief against a governmental entity to remedy violations of the Texas Constitution. *See id.* at 149. Specifically, Randall pleaded for injunctive relief "to enjoin [Appellants] . . . from continuing to claim that Plaintiff committed [fraud], or was arrested for [fraud], and to order that this arrest and all records made of such arrest be destroyed and/or not disclosed and all efforts be made to redeem Plaintiff's good reputation and prevent further damage thereto."

The majority of the injunctive remedies sought by Randall essentially seek an expunction or an order of nondisclosure of records relating to his arrest. An injunction is an equitable remedy, but by requesting an expunction or its equivalent, Randall is requesting a legal rather than an equitable remedy. *See Brown*, 260 S.W.3d at 122. A court has no equitable power to extend the clear meaning of the expunction statute, and a person's entitlement to expunction arises only after all statutory conditions have been met. *Harris*

16

*County Dist. Attorney's Office v. Hopson*, 880 S.W.2d 1, 3 (Tex. App.—Houston [14th Dist.] 1994, no writ). The right to an expunction is neither a constitutional nor common law right; instead, it is a statutory privilege set forth in the code of criminal procedure. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex. App.—Fort Worth 2002, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 55.01 (Vernon 2006) (providing conditions for entitlement to expunction); *Quertermous v. State*, 52 S.W.3d 862, 864 (Tex. App.—Fort Worth 2001, no pet.). Thus, to the extent Randall seeks injunctive relief in the form of an expunction or its equivalent, the City is immune from Randall's suit for this legal remedy. *See* Tex. Loc. Gov't Code Ann. § 202.001 (Vernon 2008) (providing that records may be destroyed without meeting statutory conditions if directed by expunction order); Tex. Code Crim. Proc. Ann. art 55.02 (Vernon Supp. 2009) (setting forth procedure for expunction); *see also* Tex. Gov't Code Ann. § 411.081 (Vernon Supp. 2009) (setting forth requirements for order of nondisclosure).

To the extent Randall seeks injunctive relief in the form of an order imposing a duty on the City to redeem his reputation, the City is likewise immune from a suit seeking imposition of an affirmative duty based on a past alleged actionable wrong. *See, e.g.*, *Dallas Fire Fighters Ass'n v. City of Dallas*,

17

228 S.W.3d 678, 683 (Tex. App.—Dallas 2004) (holding that request for affirmative relief in form of mandatory injunction could not impose subject matter jurisdiction on trial court in suit against city), *rev'd on other grounds*, 231 S.W.3d 388 (2007); *Tex. Employment Comm'n v. Martinez*, 545 S.W.2d 876, 877–78 (Tex. Civ. App.—El Paso 1976, no writ) (stating that purpose of injunctive relief is "to halt wrongful acts threatened or that are in the course of accomplishment, rather than to grant relief against past actionable wrongs"); *Tex. State Bd. of Registration for Prof'l Eng'rs v. Dalton, Hinds & O'Brien Eng'g Co.*, 382 S.W.2d 130, 134 (Tex. Civ. App.—Corpus Christi 1964, no writ) (holding that injunctive relief was inappropriate because no direct allegation or proof existed that there was any probability of the resumption of such acts).

Although Randall's pleadings fail to affirmatively demonstrate the trial court's jurisdiction over his currently pleaded claims for injunctive relief, they do not demonstrate an incurable defect in the trial court's jurisdiction over all potential relief because the City is not immune from all claims for equitable remedies and injunctive relief for violations of constitutional rights. *See Elsa*, 226 S.W.3d at 392. Consequently, Randall should be allowed the opportunity to amend his petition in this regard. *See Miranda*, 133 S.W.3d at 226–27; *City of Elsa v. M.A.L.*, 192 S.W.3d 678, 683 (Tex. App.—Corpus Christi 2006) (holding plaintiff failed to plead sufficient facts for prospective injunctive relief

18

but remanding for opportunity to amend), *rev'd in part on other grounds*, 226 S.W.3d at 392.

We therefore hold that the trial court erred by denying the City's plea to the jurisdiction on Randall's currently-pleaded claims seeking monetary and injunctive relief based on the City's alleged constitutional violations but that Randall is entitled to the opportunity to replead his claims for injunctive relief, if possible, to state such claims within the trial court's jurisdiction. *See Miranda*, 133 S.W.3d at 226–27.

### 2. Declaratory Judgment for Alleged Constitutional Violations

The Declaratory Judgments Act may be used to clarify statutes and constitutional imperatives. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (Vernon 2008); *Chenault v. Philllips*, 914 S.W.2d 140, 141 (Tex. 1996). Governmental immunity does not shield a governmental entity from a suit for declaratory relief based on alleged constitutional violations. *See Frasier v. Yanes*, 9 S.W.3d 422, 425–26 (Tex. App.—Austin 1999, no pet.) (holding that declaratory judgment is proper action for determining the officers' rights under the constitution). A claimant seeking a declaratory action must already have a cause of action at common law or under some statutory or constitutional provision. *See id.* A declaratory judgment is appropriate only if a justiciable

controversy exists as to the rights and status of the parties and if the controversy will be resolved by the declaration sought. *Id.*

Here, Randall sought declaratory relief by requesting a declaration that (1) the City violated Randall's rights under the Texas Constitution, (2) Randall is entitled to attorney's fees under the Declaratory Judgments Act,[6] and (3) evidence of his arrest must be expunged. Sovereign immunity does not preclude Randall from maintaining a declaratory action against the City, and to the extent that Randall sought a declaration that the City violated Randall's rights under the Texas Constitution, his claims are not barred by governmental immunity.[7]

*See Frasier*, 9 S.W.3d at 425–26; *Andrade*, 287 S.W.3d at 251. But to the extent that Randall requested a declaratory judgment that evidence of his arrest must be expunged, we hold that the City is immune from those legal claims for

---

[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008) (providing for award of attorney's fees in declaratory judgment actions).

[7] Additionally, Randall's request for attorney's fees under the Declaratory Judgments Act is not barred by governmental immunity. *See, e.g.*, *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) (holding that award of attorney's fees and costs against governmental entity was authorized by the Declaratory Judgments Act); *see also City of San Benito v. Ebarb*, 88 S.W.3d 711, 723 n.15 (Tex. App.—Corpus Christi 2002, pet. denied) ("A request for attorney's fees against the state in a declaratory judgment action is not a suit for damages as attorney's fees are in the nature of costs, not damages.").

the same reasons that the City is immune from Randall's claims for injunctive relief detailed above. *See* Tex. Code Crim. Proc. Ann. art. 55.01; Tex. Loc. Gov't Code Ann. § 202.001; *McCarroll*, 86 S.W.3d at 378; *Quertermous*, 52 S.W.3d at 864; *Hopson*, 880 S.W.2d at 3.

In summary, we hold that to the extent that Randall requested a declaration that the City violated his rights under the Texas Constitution and attorney's fees under the Declaratory Judgments Act, the trial court properly denied the City's plea to the jurisdiction. But to the extent that Randall requested a declaration that evidence of his arrest must be expunged, we hold that the trial court erred by denying the City's plea to the jurisdiction.

Having addressed all of the City's complaints in its second issue, we sustain in part and overrule in part the City's second issue.

## V. Conclusion

Having sustained Appellants' first issue in part, we reverse the trial court's order denying their motion to dismiss Detective Turner from Randall's claims seeking damages for Appellants' alleged constitutional violations and render judgment dismissing Detective Turner from those claims. Having overruled Appellants' first issue in part, we affirm the trial court's order denying Appellants' motion to dismiss Detective Turner from Randall's request for declaratory judgment based on Appellants' alleged constitutional violations.

21

Additionally, having sustained Appellants' second issue in part, we reverse the trial court's order denying Appellants' plea to the jurisdiction as to Randall's constitutional claims seeking monetary and injunctive relief and seeking declaratory judgment that evidence of his arrest be expunged, without prejudice to Randall's right to amend his pleadings, if possible, to allege claims for other equitable or injunctive relief for which the trial court does have subject matter jurisdiction.  Having overruled Appellants' second issue with respect to Randall's request for a declaratory judgment that Appellants violated his rights under the Texas Constitution and for attorney's fees, we affirm the trial court's order as to those claims.  We remand this case to the trial court for further proceedings consistent with this opinion.

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: December 10, 2009

22