02-10-266-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00266-CV

 

 


 
 
 Billy J. Ferrell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Betsy Price, Tax Assessor/Collector of Tarrant
 County
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 141st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Billy J. Ferrell appeals from the trial court’s grant of the plea to the
jurisdiction asserted by Appellee Betsy Price, Tax Assessor/Collector of
Tarrant County.[2]  In one issue, Ferrell
argues that the trial court erred by granting the plea to the jurisdiction. 
Because we hold that the trial court did not err, we affirm the trial court’s
order dismissing Ferrell’s claims against Price.

This
suit arises out of a dispute over the ownership of a van that Ferrell had
owned.  In Ferrell’s petition, he alleged that he had contracted with A Plus Mobility,
Inc. to perform some modifications and repairs to the van.  He asserted that A
Plus agreed to be paid by the Veteran’s Administration for “all covered
modifications and repairs” and by him for all “uncovered modifications and
repairs.”  After performing work on the van, A Plus returned the van to
Ferrell, who refused to accept the van because some of the work had not been
performed or had been performed in a defective manner.  Ferrell alleged that
the Veteran’s Administration refused to pay A Plus for any of the work and that
A Plus refused to complete or correct the work.  Ferrell alleged that A Plus then
foreclosed its “purported” mechanic’s lien on the van and sold the van at a
private sale to Wanda Jean Curtis and Justin Randal Curtis.

Ferrell
filed suit against the Curtises, A Plus, Sandy Patterson (who Ferrell alleged
was the “alter-ego” of A Plus), the Department of Transportation (the
department), and Price.  Price filed a plea to the jurisdiction asserting that
she had been sued in her official capacity and therefore the suit was a suit
against Tarrant County.[3]  She argued that because the
suit was against a governmental entity and because Ferrell sought retrospective
injunctive relief and monetary damages, she was immune from suit.

After
Price filed her plea to the jurisdiction, Ferrell filed his second amended
original petition in which he asserted that Price “caused to be issued a new
title to [the Curtises], even though the proof furnished by [the Curtises] and
A Plus showed a failure to adequately conform with the procedure for
foreclosing a Mechanic[’s] Lien.”  He asserted that “the proper, lawful action
of [Price], refusing to cause to be issued a new title, was a ministerial [act].” 
Ferrell sought from Price damages “[f]or loss of the value of his van and loss
of use” and a “permanent injunction ordering [Price] and [the department] to
cancel the current Certificate of Title to the van and to issue a new
Certificate of Title to [Ferrell].”  Thus, Ferrell sought both the return of
his van and title to it as well as damages.

Ferrell
also filed a response to Price’s plea in which he asserted that the trial court
had jurisdiction over his claims for injunctive relief and that “[s]ince these
issues relating to damages are properly before [the trial court] and will need
to be decided at trial, the question of whether [Price] will be liable for said
damages should be reserved until [j]udgment is entered.”  The trial court granted
Price’s plea, and Ferrell now appeals.

We
review a trial court’s ruling on a plea to the jurisdiction de novo.[4] 
A plaintiff has the burden of alleging facts that affirmatively demonstrate
that the trial court has subject-matter jurisdiction.[5]

The state
has sovereign immunity from suit and from liability unless that immunity has
been waived.[6]  This immunity extends to
employees sued in their official capacity because in such suits the real party
in interest is the government entity; “a suit against a state official is
merely ‘another way of pleading an action against the entity of which [the
official] is an agent.’”[7]  Accordingly, because a plaintiff
must allege facts demonstrating jurisdiction, a plaintiff asserting a claim
against a governmental employee in his or her official capacity must allege
facts that affirmatively demonstrate that the legislature has waived immunity
for the claims brought.[8]  But the immunity of a
government employee extends only to the employee’s performance of discretionary
duties in good faith that are within the scope of the employee’s authority.[9]

With
respect to claims for injunctive relief, a governmental entity is immune from a
suit seeking imposition of an affirmative duty based on a past alleged
actionable wrong.[10]  Governmental immunity also
generally bars suits for retrospective monetary relief.[11]

But
an ultra vires claim against a state official—that is, a suit against a
state official for acting outside his or her authority and seeking to require the
state official to comply with statutory or constitutional provisions—is not
barred by sovereign immunity.[12]  Accordingly, a
plaintiff who successfully proves an ultra vires claim is entitled to
prospective injunctive relief, as measured from the date of injunction.[13] 
And “where statutory or constitutional provisions create an entitlement to
payment, suits seeking to require state officers to comply with the law are not
barred by immunity merely because they compel the state to make those
payments,”[14] but generally only
prospective relief is available.[15]  To fall within this ultra
vires exception, “a suit must not complain of a government officer’s
exercise of discretion, but rather must allege, and ultimately prove, that the
officer acted without legal authority or failed to perform a purely ministerial
act.”[16]  Thus, in this case,
Ferrell had to have alleged either that (1) Price acted without legal authority
or (2) Price failed to perform a purely ministerial act.

In
his sole issue, Ferrell argues that the trial court erred by granting the plea
to the jurisdiction because he alleged in his pleadings an ultra vires,
ministerial act by Price and because the relief he requested was not solely
money damages, and therefore his pleadings did not affirmatively negate
jurisdiction.  He further argues that if his pleadings were not sufficient to
establish jurisdiction, he should have been given the opportunity to amend the
pleadings.

Regarding
Ferrell’s claim for retrospective monetary damages, he failed to allege any
statutory or constitutional provision creating an entitlement to payment.  His
injury has already occurred, and he seeks a remedy in the form of an award of
money damages.  Thus, unless immunity was waived by the Legislature, even if he
had alleged an act by Price that was outside her legal authority or was a
failure to perform a ministerial duty, he would not be entitled to this
retrospective relief.[17]

Ferrell
did not, however, point to any statutory provision waiving immunity for his
claim for retrospective monetary damages.  Although Ferrell did not allege a
waiver of immunity under transportation code section 520.005(b), we take notice
that this section provides that “[a]n assessor-collector who fails or refuses
to comply with Chapter 501 is liable on the assessor-collector’s official bond
for resulting damages suffered by any person.”[18]  We need not determine,
however, if this section waives immunity from suit for claims against an
assessor-collector for violations of that chapter or if it only provides a
source of payment for successful ultra vires claims[19]
because not only did Ferrell not allege that this section waived immunity, but this
section is inapplicable on its face to the claims pleaded by Ferrell.

For
section 520.005(b) to apply, Ferrell would have had to allege that Price failed
to comply with some part of chapter 501.  In his pleadings, Ferrell alleged
that Price “caused to be issued a new title” to the Curtises even though “the
proof furnished by [the Curtises] and A Plus showed a failure to adequately
conform with the procedure for foreclosing a Mechanic[’s] Lien.”  But Ferrell
did not allege what part of the procedure for foreclosing on a mechanic’s lien
was not complied with, whether the procedure was required by chapter 501, what other
part of chapter 501 Price should have followed and did not, or what proof
furnished by the Curtises and A Plus showed that chapter 501 was not complied
with.

These
defects in pleadings could be cured by amendment.  But Ferrell cannot amend his
pleadings to allege any facts showing that Price “caused to be issued” the
certificate of title because she did not do so; the department did.  That is, it
is not the county assessor-collector who ultimately issues title to vehicles.  The
assessor-collector accepts the application for the certificate of title, as
well as evidence of title delivered to the assessor-collector by the applicant.[20] 
The assessor-collector makes an initial determination of whether the
requirements of chapter 501 are met and issues a title receipt.[21] 
But the assessor-collector then forwards the application and evidence to the
department, which determines whether the requirements of the certificate of
title act are met and then issues the title.[22]  Thus, Ferrell failed to
allege an act by Price in violation of chapter 501 because the ultimate act he complains
of—issuing the certificate of title—was not done by Price, and Ferrell failed
to allege any other act by Price that was without legal authority.  Ferrell
therefore also failed to allege that Price failed to perform some ministerial
duty because regardless of whether issuing a certificate of title is a
ministerial or discretionary duty, the duty does not fall on Price to perform.

For
the same reason, Ferrell’s claim for injunctive relief ordering Price to issue
him a certificate of title to the vehicle also fails.  Price did not act
outside of her authority or violate any statutory provisions by issuing the
title to the Curtises for the simple reason that she did not issue the title at
all.  Ferrell’s assertion that Price acted ultra vires fails as a matter
of law.  Price would have no authority under the statute to issue Ferrell a
certificate of title even if ordered to do so, and thus his requested relief of
a “permanent injunction ordering [Price] . . . to cancel the current
Certificate of Title to the van and to issue a new Certificate of Title to
[Ferrell]” is not available to him.

We
acknowledge that at least one case has stated without discussion that the tax
assessor-collector in that case issued a certificate of title.[23] 
But although chapter 501 makes the tax assessor-collector an integral part of
the title issuance process, it plainly provides that the department itself
performs the act of issuing certificates of title.

In
sum, because Ferrell failed to allege what provisions of
chapter 501 or any other law, if any, that Price failed or refused to comply
with, Ferrell’s pleadings do not show any waiver of immunity and are therefore
deficient.  And even if Ferrell had pled facts to show that Price had not
followed chapter 501, Ferrell’s damages are based on his loss of title.  By
statute, the department determined whether title requirements were met and
issued the title that Ferrell complains about.  Thus, his claim for monetary
damages is not based on any ultra vires act by Price.  Furthermore,
Price cannot issue title to Ferrell, and because she did not issue the title to
the Curtises, he cannot say that in issuing the title to the Curtises, Price
failed to perform a ministerial act or that she acted without legal authority.

We
further note that the transportation code provided a method to Ferrell for
obtaining the certificate of title to the vehicle without resorting to a
lawsuit.  Under section 501.051, the department must revoke a certificate of title
if, among other things, the application contains a false statement, the
applicant fails to furnish required information, or the applicant is not
entitled to the certificate.[24]  Ferrell could have
invoked this provision of chapter 501 to ask the department to revoke the
Curtises’ certificate of title.  Chapter 501 further provides that a person
aggrieved by the department’s decision in such a case may apply for a hearing on
the issue.[25]  If the person is
aggrieved by the result of the hearing, the person may appeal to the county
court.[26]  If, in the county
court, “the department’s action is not sustained, the department shall promptly
issue a certificate of title for the vehicle.”[27]  Thus, chapter 501
provides both a remedy and an administrative procedure (with right of appeal in
the county court) for obtaining that remedy, but Ferrell chose to file this suit
instead.  Having already held that the trial court did not have jurisdiction,
we do not make the further determination of whether Ferrell’s failure to follow
this procedure deprived the trial court of jurisdiction.[28] 
We note the procedure only to indicate that our holding should not be construed
as leaving persons such as Ferrell, who believe they have been unlawfully
deprived of their vehicle, without a remedy.

Ferrell
asks in his brief that if this court determines that his pleadings were
insufficient to establish jurisdiction, he be given the opportunity to amend. 
But Ferrell’s pleadings negate jurisdiction as a matter of law, and we therefore
decline to send the case back to the trial court to allow Ferrell the
opportunity to amend.[29]  We overrule Ferrell’s
sole issue.

Having
overruled Ferrell’s sole issue, we affirm the trial court’s order dismissing
Ferrell’s claims against Price.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and WALKER, JJ.

 

WALKER,
J. concurs without opinion.

 

DELIVERED:  December 22,
2011









[1]See Tex. R. App. P. 47.4.





[2]We take
judicial notice of the fact that Besty Price no longer serves in this
position.  See Tex. R. Evid. 201.  The current assessor-collector has
not been substituted as a party.





[3]See
Tex. A & M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 844 (Tex. 2007)
(stating that a suit against a state official in his official capacity is
actually a suit against the entity, and when “a state official files a plea to
the jurisdiction, the official is invoking the sovereign immunity from suit
held by the government itself”).





[4]Pakdimounivong v. City of Arlington,
219 S.W.3d 401, 407 (Tex. App.—Fort Worth 2006, pet. denied).





[5]City of Fort Worth v. Robinson, 300
S.W.3d 892, 895 (Tex. App.—Fort Worth 2009, no pet.).





[6]State v. Lueck, 290 S.W.3d 876, 880
(Tex. 2009).





[7]Koseoglu,
233 S.W.3d at 844.





[8]City of Arlington v. Randall, 301
S.W.3d 896, 906 (Tex. App.—Fort Worth 2009, pet. denied).





[9]Kassen
v. Hatley, 887 S.W.2d 4, 9 (Tex. 1994).





[10]Randall, 301 S.W.3d at 907.  That case noted that a plaintiff may seek injunctive relief
against a governmental entity for constitutional violations, but Ferrell has
not alleged any constitutional violations in this case.





[11]City of El Paso v. Heinrich, 284
S.W.3d 366, 368–69 (Tex.
2009).





[12]Tex. Parks & Wildlife Dep’t v.
Sawyer Trust, No. 07-0945, 2011 WL 3796347, at *8
(Tex. Aug. 26, 2011); Tex. Lottery Comm’n v. First State Bank of DeQueen,
325 S.W.3d 628, 633 (Tex. 2010).





[13]Heinrich, 284 S.W.3d at 376.





[14]Id. at 371.





[15]Rolling Plains Groundwater Conservation Dist. v. City of Aspermont, No. 08-0591, 2011 WL 5041964, at *2 (Tex. Oct. 21, 2011).





[16]Heinrich, 284 S.W.3d at 372.





[17]City of Dallas v. Albert, No. 07-0284,
2011 WL 3796339, at *8 (Tex. Aug. 26, 2011).





[18]See
Tex. Transp. Code Ann. § 520.005(b) (West Supp. 2011).





[19]But
see Romo v. Cavender Toyota, Inc., 330 S.W.3d 648, 652 (Tex. App.—San
Antonio 2010, no pet.) (concluding that this section did not waive the tax
assessor-collector’s immunity from suit).





[20]Tex. Transp. Code Ann. § 501.027(a) (West
Supp. 2011).





[21]Id.
§ 501.024(a) (West Supp. 2011).





[22]Id. § 501.021 (West Supp. 2011) (stating that
“[a] motor vehicle certificate of title is an instrument issued by the
department”), § 501.027(b) (providing
that after the department receives an application for a certificate of title
and the department determines that the requirements of
this chapter are met, the department shall issue the certificate of title); see
also id. § 520.023(f) (West Supp. 2011)
(providing that when a vehicle is transferred, the department may not issue a
certificate of title for the vehicle until the transferee applies to the county
assessor-collector as provided by transportation code chapter 501), § 501.071 (West Supp. 2011)
(providing that in the sale of a used vehicle, the owner must transfer the
certificate of title at the time of the sale using a form prescribed by the
department), § 501.131 (West 2007) (requiring the
department to prescribe forms for a title receipt and other forms the
department deems necessary and to provide those forms to each county
assessor-collector).  When Ferrell filed his suit in 2008, the
department issued certificates of title.  In 2009, the Legislature amended the
law to designate the Department of Motor Vehicles as the government entity charged
with issuing certificates of title.  See Act of May 23, 2009, 81st Leg.,
R.S., ch. 933, § 2D.01, 2009 Tex. Gen. Laws 2485, 2493 (amending Tex. Transp.
Code Ann. § 501.002(3) (West 2007)).





[23]See
Romo, 330 S.W.3d at 650 (stating without discussing that the tax
assessor-collector issued a certificate of title that failed to reference the
existence of a lien).  But see Credit Indus. Corp. v. Pac. Fin. Corp.,
329 S.W.2d 945, 946 (Tex. Civ. App.—Waco 1959, writ ref’d) (noting that the
application for certificate of title in that case was made through the tax
collector to the State Highway Department, which then issued a certificate of
title).





[24]Tex. Transp. Code Ann. § 501.051 (West Supp. 2011).





[25]Id.
§ 501.052(a) (West Supp. 2011).





[26]Id.
§ 501.052(e).





[27]Id.





[28]See
Employees Ret. Sys. of Tex. v. Duenez, 288 S.W.3d 905, 908–09 (Tex. 2009)
(stating that “[w]hen an agency has exclusive jurisdiction of a dispute, the
courts have no jurisdiction until administrative procedures are exhausted”); see
also Tex. R. App. P. 47.1 (providing that the court of appeals must hand
down a written opinion that is as brief as practicable but that addresses every
issue necessary to final disposition of the appeal).





[29]See
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex.
2004) (stating that if the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing
the plaintiff an opportunity to amend).