Opinion issued January 5, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00526-CV

———————————

Texas Department of Aging and Disability Services a/k/a Richmond
State Supported Living Center, Appellant

V.

Pamela Johnson,
Guardian of the Person and Estate of Gerald Carr, Appellee



 



 

On Appeal from the 400th District Court 

Fort Bend County, Texas



Trial Court Case No. 09-DCV-177311

 



MEMORANDUM
OPINION

In this interlocutory appeal,[1]
we apply the election-of-remedies provision of the Texas Tort Claims Act to a
suit brought against both a governmental unit and its employee driver.  Pamela Johnson sued the Texas Department of
Aging and Disability Services (“DADS”) and its employee, Brittany Porter,
asserting tort claims on behalf of Gerald Carr. 
Johnson alleges that Porter’s negligence proximately caused injuries to
Carr when he fell out of a DADS van while it travelled along Highway 59.  DADS filed a plea to the jurisdiction and
moved to dismiss the action against it, relying on section 101.106(b) of the
Texas Tort Claims Act.  See Tex.
Civ. Prac. & Rem. Code Ann. § 101.106(b) (West 2010).  The trial court denied DADS’s plea.  On appeal, DADS contends that the trial court
erred in doing so.  In accord with our
decision in City of Houston v. Esparza, No.
01-11-00046-CV, 2011 WL 4925990, at *1 (Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed), we conclude
that section 101.106(b) does not bar Johnson’s claims against DADS.  We therefore affirm the trial court’s
order.  

Background

Johnson sued DADS and Porter together.  Johnson alleges that Porter’s negligence
proximately caused injuries to Carr after Carr fell from a fifteen-person
passenger van onto U.S. Highway 59.  DADS’s
plea to the jurisdiction asserts that the Texas Tort Claims Act’s election‑of-remedies provision bars Johnson’s claims against it,
because by suing both DADS and its employee, Johnson irrevocably elected to sue
neither.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106.  




 

Discussion

Standard of Review

A plea to the jurisdiction challenges
the trial court’s subject-matter jurisdiction to hear a case.  Bland Indep. Sch. Dist. v. Blue,
34 S.W.3d 547, 554 (Tex. 2000); Kamel v. Univ.
of Tex. Health Sci. Ctr., 333 S.W.3d 676, 681
(Tex. App.—Houston [1st Dist.]
2010, pet. denied). The existence of subject-matter jurisdiction
is a question of law that we review de novo.  State
Dep’t of Hwys. & Pub. Transp. v. Gonzalez, 82 S.W.3d 322,
327 (Tex. 2002); Kamel, 333 S.W.3d at 681. 
We may not presume the existence of subject-matter jurisdiction; the
burden is on the plaintiff to allege facts affirmatively demonstrating it.  Tex. Ass’n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 443–44, 446 (Tex. 1993); Kamel, 333 S.W.3d at 681.  

Whether a governmental entity is
immune from suit is a question of subject‑matter
jurisdiction.  Tex. Dep’t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999). Determination of that issue here turns on
construction of the Tort Claims Act’s election-of-remedies provision.  See
Tex. Civ. Prac.
& Rem. Code Ann. § 101.106.  In
construing a statute, our primary objective is to determine and give effect to
the Legislature’s intent.  Gonzalez, 82 S.W.3d at 327.  “[W]e ‘read the statute as a whole and interpret it to give effect to every part.’” Id. (quoting Jones v. Fowler, 969 S.W.2d 429, 432 (Tex. 1998)).  With respect to a statutory waiver of
immunity, as in the Tort Claims Act, we interpret the waiver narrowly, as the
Legislature’s intent to waive immunity must be clear and unambiguous. Mission Consol. Indep.
Sch. Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex. 2008) (citing Tex. Gov’t Code Ann. § 311.034 (West
2005)).

Analysis

DADS contends that Johnson has failed to comply
with the election‑of‑remedies
provision because she sued both DADS and its employee together.  See
Tex. Civ. Prac.
& Rem. Code Ann. § 101.106.  Relying on Mission Consol. Indep.
Sch. Dist. v. Garcia, DADS asserts that the provision requires Johnson to
sue either DADS or its employee, and a claimant who sues both loses the
opportunity to sue DADS under section 101.106(b).  See Mission Consol. Indep.
Sch. Dist., 253 S.W.3d at 655; see also
Tex. Civ. Prac.
& Rem. Code Ann. § 101.106.  Johnson responds that section 101.106(b) is
inapplicable to her suit.  We agree. 

 Shortly after DADS appealed, this Court issued
its opinion on rehearing in City of Houston v. Esparza, No. 01-11-00046-CV, 2011 WL 4925990
(Tex. App.—Houston [1st Dist.] Oct. 7, 2011, pet. filed).  Esparza
rejects DADS’s contention that 101.106(b) bars a suit against a governmental
unit when the suit is originally filed against both the governmental unit and
its employee.  Id.
at *4. 
Esparza reasoned that requiring dismissal when a plaintiff sues both
the governmental unit and its employee would render subsection (e) of the
election‑of‑remedies
provision “superfluous, and its language, which does not mention dismissal of
the governmental unit, would be incongruent.” 
Id. at *6 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)).  Rather, filing a suit against both the
governmental unit and its employee invokes subsection (e) and results in an
involuntary election of the governmental unit as the exclusive defendant,
should the government or its employee choose to file a plea on behalf of the
employee.  Id.  Esparza concluded that “[w]hile a
claimant who erroneously fails to make an election has an election foisted upon
her by operation of the statute, her inartful
drafting does not, alone, bar her claims against both the employee and the
employer.”  Id. at *6.

In
accord with our precedent in Esparza,
we hold that subsection (b) does not provide immunity when a claimant sues both
a governmental unit and its employee.  Rather,
subsection (e) addresses instances where a claimant simultaneously sues the
governmental unit and its employee.  Esparza, 2011 WL 4925990, at *4; see Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(e).   Under subsection (e), the government may move
to dismiss claims brought against its employee; it may not, however, move to
dismiss the governmental unit from the suit solely on the ground that both it
and the employee were sued together.  See Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(e).  DADS did not move to
dismiss Johnson’s claims against Porter under subsection (e), the avenue for
election‑of‑remedies
when both the government and the individual are sued for the same tort.  See
Esparza,
2011 WL 4925990, at *4.  The
Tort Claims Act provides other avenues by which a governmental unit may
challenge the jurisdiction of a claim brought against it.  The election-of-remedies provision of the Act
is merely one of those avenues, but DADS has not yet asserted any other basis
for a jurisdictional plea.  Because DADS’s jurisdictional plea
does not comport with the application of 101.106 election-of-remedies
provision, the trial court properly denied it. 
See Garcia,
253 S.W.3d at 657 (stating that under section 101.106, “recovery against an
individual employee is barred and may be sought against the governmental unit only
in three instances: (1) when suit is filed against the governmental unit only, Tex. Civ. Prac.
& Rem. Code Ann. § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, id. § 101.106(e); or (3) when suit
is filed against an employee whose conduct was within the scope of his or her
employment and the suit could have been brought against the governmental unit, id. § 101.106(f).”); see also City of Arlington v. Randall,
301 S.W.3d 896, 902–03 (Tex. App.—Fort Worth 2009, pet. denied) (same).  

 




Conclusion

          We hold
that the trial court properly denied DADS’s plea to the jurisdiction.  We therefore affirm the order of the trial court.


 

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Bland, Sharp, and Huddle.

 











[1]
          Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(8) (West 2010).