02-12-143-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-12-00143-CV

 

 


 
 
 The City of Fort Worth
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Cecilia Jacobs
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 67th
District Court OF Tarrant COUNTY

----------

OPINION

----------

I.  Introduction
and Background Facts

          This
is an interlocutory appeal by Appellant the City of Fort Worth from the trial
court’s order that granted in part and denied in part the City’s plea to the
jurisdiction.  Based on allegedly discriminatory and unconstitutional employment
practices, Appellee Cecilia Jacobs filed suit against the City asserting, in
addition to other claims not at issue here, violations of her rights under the
Texas constitution to due process, equal protection, and free speech.  Although
the trial court granted the City’s plea to the jurisdiction to the extent that Jacobs
sought money damages for the state constitutional violations, it denied the
City’s plea to the jurisdiction on Jacobs’s state constitutional claims to the
extent that Jacobs sought the remedy of reinstatement of employment for these
alleged claims.[1] 
The sole issue raised by the City in this appeal is:  “Does the trial court
have jurisdiction to order reinstatement as an equitable remedy for alleged
violations of the due-process, free-speech, and equal-protection clauses of the
Texas Constitution?”  For the reasons set forth below, we will affirm.

II. 
No Immunity
from Suits
Seeking Equitable
Remedies for
Constitutional Violations;
Reinstatement Is
an Equitable
Remedy

 

The Texas Supreme Court has explained that governmental entities
do not possess immunity for violations of the Texas constitution because 

[t]he guarantees found in the Bill of
Rights are excepted from the general powers of government; the State has no
power to commit acts contrary to the guarantees found in the Bill of Rights. 
Tex. Const. art. 1, § 29.  Section 29 has been interpreted as follows:  any
provision of the Bill of Rights is self-executing to the extent that anything
done in violation of it is void. . . .  Such a declaration [of voidness] is
different from seeking compensation for damages, or compensation in money for a
loss or injury.  Thus, suits for equitable remedies for violation of
constitutional rights are not prohibited.  Section 29 does not support . . . a
private right of action for damages . . . under the Texas [c]onstitution. 

City
of Beaumont v. Bouillion, 896 S.W.2d 143, 148–49 (Tex. 1995)
(emphasis added); see also, e.g., City of Elsa v. M.A.L., 226
S.W.3d 390, 391–92 (Tex. 2007) (recognizing that governmental entities may be
sued for injunctive relief under the Texas constitution); City of Arlington
v. Randall, 301 S.W.3d 896, 907 (Tex. App.—Fort Worth 2009, pet. denied) (recognizing
that governmental entities may be sued for equitable relief under the Texas constitution);
Univ. of Tex. Sys. v. Courtney, 946 S.W.2d 464, 469 (Tex. App.—Fort
Worth 1997, writ denied) (op. on reh’g) (same); Harris County v. Going,
896 S.W.2d 305, 308–09 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (same).
 The City repeatedly acknowledges in its appellate briefing that it is not
immune from suits asserting state constitutional violations when the remedy
sought is equitable relief.  But the City argues that reinstatement is not an
equitable remedy and that, therefore, it possesses immunity from Jacobs’s
claims for violations of the state constitution because she seeks the allegedly
nonequitable remedy of reinstatement.[2]

Reinstatement
is an equitable remedy per se.  See City of Seagoville v. Lytle, 227
S.W.3d 401, 410, 414 (Tex. App.—Dallas 2007, no pet.) (recognizing that
reinstatement is an equitable remedy per se and affirming denial of city’s plea
to the jurisdiction “with respect to the portion of Lytle’s claims for
declaratory, mandamus, and injunctive relief seeking . . . reinstatement”); Haynes
v. City of Beaumont, 35 S.W.3d 166, 174, 182 (Tex. App.—Texarkana 2000, no
pet.) (remanding to trial court claim against city for violation of Texas
constitution that sought reinstatement because it sought equitable relief); see
also Andrade v. City of San Antonio, 143 F. Supp. 2d 699, 721 (W.D. Tex.
2001) (“Although the Texas Supreme Court held in City of Beaumont v.
Bouillion that there is no implied right of action for monetary damages
arising under the free speech provision of the Texas [c]onstitution, suits for
equitable remedies (such as reinstatement) for constitutional right violations
are not precluded.”).  Because reinstatement is an equitable remedy and because
the City is not immune from suits asserting state constitutional violations
when the remedy sought is equitable relief, the City is not immune from
Jacobs’s suit asserting state constitutional violations and seeking the remedy
of reinstatement.  See City of Seagoville, 227 S.W.3d at 410 (“We
conclude the portion of Lytle’s declaratory judgment action that seeks
withdrawal of the disciplinary action and reinstatement to his original position
and pay grade does not seek an award of money damages and is not barred by
governmental immunity.”); accord City of Elsa, 226 S.W.3d at 391–92
(recognizing governmental entity is not immune from suit for violation of
provisions of Texas constitution that seeks equitable remedy); Bouillion,
896 S.W.2d at 147–49 (same).

III. 
Whether the
Remedy of
Reinstatement Is
Available for
Constitutional Violations
Does Not
Alter the
Status of
the City’s
Immunity

 

The
City argues that “reinstatement exceeds the scope of an appropriate
constitutional remedy” and that, therefore, “an order of reinstatement is not
within the trial court’s jurisdiction.”  The City points out that the Texas
Supreme Court has never addressed whether the remedy of reinstatement is
available for an alleged constitutional violation.  See City of Midland v.
O’Bryant, 18 S.W.3d 209, 218 (Tex. 2000) (explaining that “[w]hether
reinstatement can be a remedy for violations of the Texas [c]onstitution is not
before this Court, and accordingly, we express no view on that question”).  The
City urges us to “hold that reinstatement is not an appropriate constitutional
remedy.”  The City’s prayer concludes that its “immunity from suit has not been
waived because Jacobs’[s] pleadings affirmatively demonstrate that she seeks a
remedy that exceeds the trial court’s jurisdiction.”      

But
whether the specific equitable remedy of reinstatement—as opposed to other
equitable remedies—exists for a constitutional violation does not change the
fact that the City is not immune from suits seeking equitable relief for the alleged
violations of the Texas constitution.[3]  Certain provisions of
the Texas constitution are self-enacting and thus provide the right to bring an
action against a governmental entity for violations of those provisions without
the need for legislative consent.  Steele v. City of Houston, 603 S.W.2d
786, 791 (Tex. 1980).  As discussed above, the State has no power to commit
acts contrary to the guarantees found in the Bill of Rights.  Boullion,
896 S.W.2d at 147–49.  Thus, these constitutional provisions authorize suits
against governmental entities—that is, constitute a waiver of immunity—when
such suits seek equitable relief from allegedly void, unconstitutional
governmental action.  Id.  We have located no case law supporting the
proposition that the City’s immunity fluctuates depending on which equitable
relief a plaintiff seeks in a claim alleging a violation of the state
constitution, and we decline to so hold.  

Likewise,
the fact that the Texas Supreme Court has not decided whether the equitable
remedy of reinstatement is or is not available for the state constitutional
violations pleaded by Jacobs does not deprive the trial court of jurisdiction
over her claims.  A Texas district court is a court of general jurisdiction;
our constitution provides that the jurisdiction of a district court “consists
of exclusive, appellate, and original jurisdiction of all actions, proceedings,
and remedies, except in cases where exclusive, appellate, or original
jurisdiction may be conferred by this Constitution or other law on some other
court, tribunal or administrative body.”  Tex. Const. art. V, § 8.  By statute,
district courts have “the jurisdiction provided by Article V, Section 8, of the
Texas Constitution” and “may hear and determine any cause that is cognizable by
courts of law or equity and may grant any relief that could be granted by
either courts of law or equity.”  Tex. Gov’t Code Ann. §§ 24.007–.008 (West 2004
& Supp. 2012); see generally Dubai Petroleum Co. v. Kazi, 12 S.W.3d
71, 74 (Tex. 2000).  The district court here clearly possesses jurisdiction to
sign an order or judgment requiring Jacobs’s reinstatement.  Accord Texas
A&M Univ. Sys. v. Luxemburg, 93 S.W.3d 410, 426 & n.6 (Tex. App.—Houston
[14th Dist.] 2002, pet. denied) (op. on reh’g) (noting that trial court in fact
ordered reinstatement as remedy for state constitutional violation although
neither party complained that it was not a proper remedy).  The issue of
whether or not the trial court would err by ordering reinstatement as a remedy
for a state constitutional violation is not before us.  Faced with the City’s
ground alleged in its brief on appeal that the trial court lacks jurisdiction
over Jacobs’s claims, because “the [Texas] Supreme Court has not authorized
reinstatement as a remedy for a constitutional violation,” we hold only that
the trial court possesses jurisdiction over Jacobs’s claims for state
constitutional violations that seek the equitable remedy of reinstatement.

IV.  Conclusion

Because
reinstatement is an equitable remedy, because the City is not immune from suits
alleging violations of the state constitution that seek an equitable remedy,
because the trial court possesses jurisdiction over Jacobs’s claims for state
constitutional violations that seek the equitable remedy of reinstatement, and
because these are the sole grounds raised by the City in its appeal, we overrule
the City’s issue on appeal.  We affirm the trial court’s order denying the
City’s plea to the jurisdiction on Jacobs’s claims for state constitutional
violations that seek the equitable remedy of reinstatement. 

 

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  September 13,
2012




 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-12-00143-CV

 

 


 
 
 The
 City of Fort Worth
  
  
 v.
  
  
 Cecilia
 Jacobs
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 67th District Court
  
 of
 Tarrant County (67-254044-11)
  
 September
 13, 2012
  
 Opinion
 by Justice Walker
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

          It
is further ordered that appellant the City of Fort Worth shall pay all of the
costs of this appeal, for which let execution issue.

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Sue Walker

 

 









          [1]The
City’s plea to the jurisdiction asserted that the trial court lacked
jurisdiction because “money damages are not available for state constitutional
violations; and the Texas Supreme Court has not authorized reinstatement as an
equitable remedy for violations of the Texas Constitution.”  





[2]Specifically, the City
asserts,

Jacobs is asking the trial court to impose an
affirmative duty on the City—that is, to require the City to reinstate her
employment.  This Court has held, however, that a city is immune from a suit
seeking imposition of an affirmative duty based on a past wrong, because such a
remedy is a legal, not an equitable, remedy.  See City of Arlington v. Randall,
301 S.W.3d 896, 907 (Tex. App.—Fort Worth 2009, pet. denied).   

In Randall, the
plaintiff sought injunctive relief in the form of a trial court order imposing
a duty on the city to redeem his reputation.  Id.  We held in Randall
that the City was immune from a claim for injunctive relief that in fact did
not seek injunctive relief––that is, did not seek to halt wrongful acts
threatened in the future––but instead sought imposition of a duty based on a
past alleged actionable wrong.  Id.  Here, we are not dealing with a
request for injunctive relief in the form of a trial court order redeeming
Jacobs’s reputation; we are not dealing with injunctive relief at all.  The
relief requested here is for reinstatement.     





[3]The City may possess other
options for pursuing its assertion that the remedy of reinstatement is, as a
matter of law, not available to Jacobs, such as special exceptions or a motion
for summary judgment.